EDWARD A. KELLY, guardian, *vs.* WILLIAM A. HERRICK, assignee, & others.

Suffolk. March 16. — Sept. 7, 1881. LORD, DEVENS & ALLEN, JJ., absent.

A guardian is entitled in equity to have securities, given by a former guardian to his sureties to indemnify them against their liability for his debt to the ward's estate, sold and the proceeds applied to the payment of that debt, the former guardian and the sureties having become insolvent, and a portion only of the debt having been paid by the sureties; and the sureties are not entitled to have the amount so paid allowed to them out of the proceeds of the securities before the claim of the guardian is satisfied, but only to the balance remaining after payment of such claim.

ENDICOTT, J. The questions to be determined in this case arise upon the following facts: William O. Edmands was formerly guardian of Dwight F. Boyden; and James F. Edmands and John J. Rayner were sureties on his bond as guardian. William O. Edmands became insolvent and resigned his trust, and the plaintiff was appointed guardian in his place. At the time of his resignation he was largely indebted to the estate of his ward, and his sureties were called upon to pay to the plaintiff the balance due from him to the ward's estate. They were unable to pay, and a compromise was entered into with the permission of the Probate Court. Under that compromise, the sureties paid to the plaintiff the accrued interest and a small portion of the principal, leaving due to the plaintiff as guardian $70,000. In settlement of this sum, the sureties gave their notes to the plaintiff, and also gave him as security for the payment of these notes their bond in the sum of $100,000, with J. Wiley Edmands and Thomas F. Edmands as sureties. At the same time, William O. Edmands gave to James F. Edmands certain railroad bonds as collateral security for himself and Rayner for their liability on his bond as guardian. These bonds at that time had no market value. James F. Edmands and Rayner respectively paid to the plaintiff considerable sums upon their notes, leaving a balance due the plaintiff of about $35,000. James F. Edmands then became insolvent, and William A. Herrick, Esquire, was appointed assignee. Rayner and Thomas F. Edmands also became insolvent, and J. Wiley Edmands died, and his estate is insolvent. All these parties being insolvent, and unable to pay the sum due the ward's estate, the present guardian by this bill in equity seeks to apply to the payment of the debt the railroad bonds placed in the hands of James F. Edmands as security for himself and Rayner.

We are of opinion that the plaintiff is entitled to the relief prayed for. These securities were given by the former guardian to indemnify his sureties, in case they actually discharged the liability they had assumed in his behalf, by paying to the plaintiff the money due the ward's estate. Failing to pay this debt by reason of insolvency, the plaintiff has a right in equity to have the securities sold and the proceeds applied to the payment of his claim. Property thus given to a surety, as security for

the payment of a debt, is held by such surety in trust for the creditor. *Eastman* v. *Foster*, 8 Met. 19. *Rice* v. *Dewey*, 13 Gray, 47. *New Bedford Institution for Savings* v. *Fairhaven Bank*, 9 Allen, 175. See also *Rindge* v. *Sandford*, 117 Mass. 460, and cases cited.

But the assignee of James F. Edmands contends that the sureties, having paid a portion of the notes which they gave in settlement of their liability to the plaintiff, are entitled to have such payments allowed to them out of the proceeds of the bonds before the plaintiff is entitled to anything. No case is cited which supports this proposition, and we are of opinion that it cannot be sustained.

The bonds were given to the sureties as collateral security for their liability on account of the former guardian. As between them and the former guardian, the guardian would not be entitled to receive back the bonds until he had repaid the sureties what they had been compelled to pay to the plaintiff, or until all the liability of the sureties was at an end. But as between the sureties and the plaintiff, for whose benefit a trust is created for the better security of his debt, such a rule has no application. They have become absolutely liable to the plaintiff for the payment of the whole debt. If they fail to meet that liability in full, as they are bound to do, then the plaintiff is entitled to the securities in their hands to pay the balance. It would be grossly inequitable to hold that sureties, who are bound to pay the whole debt and have only paid part, can come in as general creditors of their principal, and be reimbursed out of the collateral securities for their partial payments. The sureties cannot justly be reimbursed from the securities in their hands until the claim of the principal creditor has been paid. *Ohio Ins. Co.* v. *Ledyard*, 8 Ala. 866. *Ten Eyck* v. *Holmes*, 3 Sandf. Ch. 428. *Clark* v. *Ely*, 2 Sandf. Ch. 166. See also *Wilcox* v. *Fairhaven Bank*, 7 Allen, 270.

The question does not arise as to the rights of the sureties, if the bonds had been given to them, not only to indemnify them against their liability as sureties, but also to secure debts directly due from the principal to them, as in *Aldrich* v. *Martin*, 4 R. I. 520, and *Ross* v. *Wilson*, 7 Sm. & Marsh. 753.

The plaintiff is therefore entitled to be paid the amount due him out of the sale of the securities, and any balance remaining, after satisfying his claim, belongs to the sureties.

*Decree accordingly*

*E. W. Hutchins*, (*J. H. Young* with him,) for the plaintiff

*W. A. Herrick, pro se.*